**Sokol Hasan KOBURJA, Petitioner,**

v.

Alberto R. GONZALES,\* Attorney
General, Respondent.

No. 02–4448–ag.

United States Court of Appeals,
Second Circuit.

Oct. 23, 2006.

Sokol Koburja, pro se, Takoma Park, Maryland, for Petitioner.

For Respondent: Because the Court did not receive a brief from the respondent within fifteen days of the May 24, 2006 due date specified in the scheduling order issued on April 28, 2006, this case has been decided without the benefit of respondent's brief. See Local Rule § 0.29(d).

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. JOSÉ A. CABRANES, Hon. ROSEMARY S. POOLER, Circuit Judges.

### SUMMARY ORDER

Sokol Hasan Koburja, *pro se,* petitions for review of the August 2002 order affirming Immigration Judge ("IJ") Annette S. Elstein's decision denying his application for asylum and withholding of deportation. We assume the parties' familiarity with the underlying facts and procedural history in this case.

When the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision. *See, e.g., Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005); *Secaida–Rosales v. INS,* 331 F.3d 297, 305 (2d Cir.2003). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard,

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we may vacate and remand for new findings if the agency's reasoning or fact-finding is materially flawed such that we are unable to "confidently predict" that the same decision would be made on remand. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 158, 162 (2d Cir.2006); *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir.2005).

■ Substantial evidence does not support the IJ's adverse credibility finding. The IJ's finding that it was implausible that Koburja was issued a passport after his alleged difficulties with the government was flawed because an IJ's weighing of an applicant's procurement of a national identity card against his credibility is at odds with the BIA's decision in *Matter of M–D–,* 21 I. & N. Dec. 1180, 1998 WL 127881 (BIA 1998). *See Secaida–Rosales v. INS,* 331 F.3d 297, 310 (2d Cir.2003). Moreover, the IJ improperly speculated that Koburja's alleged difficulties caused by the expression of his political views would preclude him from obtaining a passport from a separate governmental agency. *See id.* at 307, 310.

Further, the IJ misapprehended the record when she indicated that Koburja testified that the dean of the law school and a Minister of Justice, through the interrogator, knew about the articles he had written, but did not make this allegation in his direct examination. On the contrary, the record reveals that Koburja discussed his interrogation on two occasions during his direct examination, and on the second occasion he stated that he was "scared" because the interrogator "knew that [he] was behind these articles."

■ The IJ also erred in finding that Koburja did not meet his burden of proof in part because 13 he did not provide any back issues of the newspaper for which he claimed to have written many articles. Although Koburja testified that "they should have archive[s]," the IJ erred by failing to make a finding that such documentary evidence was reasonably available under the circumstances presented. *Diallo v. INS,* 232 F.3d 279, 290 (2d Cir.2000).

We therefore remand this case in light of the flaws in the IJ's decision because it is not clear whether she would have reached the same result absent these errors. *See Xiao Ji Chen,* 434 F.3d at 162; *Cao He Lin,* 428 F.3d at 395. Moreover, we take judicial notice that the Democratic Party, the party that allegedly issued the false military contract against Koburja, returned to power in Albania in July 2005, and the BIA should consider this event when analyzing his claim on remand. *See Latifi v. Gonzales,* 430 F.3d 103, 106 (2d Cir.2005).

For the foregoing reasons, the petition for review is GRANTED, the August 2002 decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this decision. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).